Case 3:20-cr-00046-RLY-CSW   Document 55   Filed 07/23/24   Page 1 of 4 PageID #: 173

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
Southern District of Indiana

United States of America
v.
Sergio A. Rascoe

Case No: 3:20-cr-00046-RLY-CSW-001
USM No: 26652-045

Date of Original Judgment: 10/17/2022
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

Pro Se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 10/17/2022 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 07/23/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

A CERTIFIED TRUE COPY
Roger A.G. Sharpe, Clerk
U.S. District Court
Southern District of Indiana
By: Jina M. Dafe
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-cr-00046-RLY-CSW |
| SERGIO A. RASCOE, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Sergio A. Rascoe moves to reduce his 46-month sentence under 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, and Amendment 821 of the U.S.S.G. (*See* Filing Nos. 44, 46, 54). For the reasons below, the court **DENIES** that motion.

**I.   Background**

Rascoe was on supervised release for a felony conviction when officers found a firearm under the driver's seat of Rascoe's car during a traffic stop. (Filing No. 38, Presentence Investigation Report ¶¶ 10, 11–15). Rascoe pled guilty to being a felon in possession of a firearm. (*Id.* ¶ 6). Rascoe's offense level was 17. (*Id.* ¶ 29). He received nine criminal history points, which was increased by two because he committed the offense while on supervised release. (*Id.* ¶¶ 43–45). This resulted in a criminal history category of V and a guideline range of 46 to 57 months. (*Id.* ¶¶ 45, 84). The Court sentenced Rascoe to 46 months imprisonment. (Filing No. 42, Judgment).

1

## II. Legal Standard

The court may modify an imposed sentence of imprisonment under limited circumstances like those enumerated in 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 824 (2010). Under that statute, the court may reduce a sentence to reflect changes in the U.S.S.G. *See* 18 U.S.C. § 3582(c)(2). A two-step inquiry exists to determine whether a reduction is warranted: first, the court determines whether the reduction "is consistent with [U.S.S.G.] § 1B1.10"; and second, whether the reduction is warranted under the discretionary 18 U.S.C. § 3553(a) factors. *Dillon*, 560 U.S. at 826–28.

## III. Discussion

Rascoe's request to reduce his sentence under Part A of Amendment 821 fails at step one. Part A to Amendment 821 changes how "status points" are assessed based on offenders' criminal histories. U.S.S.G. § 4A1.1(e). Specifically, it reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point (if the defendant received seven or more criminal history points) or zero points (if the defendant received six or less criminal history points). *Id.*

Rascoe received a total criminal history score of eleven. (PSR ¶¶ 43–45). While Amendment 821 changes that criminal history score to ten, he remains in Category V for criminal history. U.S.S.G. Chapter 5, Part A, Sentencing Table (noting criminal history scores of 10, 11, or 12 establish a criminal history score in Category V). Because his

2

criminal history category remains the same, Part A of Amendment 821 does not change Rascoe's guideline range and cannot be a basis for a sentence reduction.[1]

## IV.  Conclusion

Rascoe's Motion for Sentence Reduction (Filing Nos. 44, 46, 54) is **DENIED**. His 46-month sentence remains as imposed.

**IT IS SO ORDERED** this 23rd day of July 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Mail to:

Sergio A. Rascoe
Reg. No. 26652-045
FCI Terre Haute
P.O. Box 33
Terre Haute, IN 47808

---

[1] Rascoe is also not eligible for Part B of Amendment 821 because he had more than zero criminal history points.

3